EL PUEBLO, DEMANDANTE Y APELADO, *v.* CASABLANCA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda en causa por infracción al artículo 128 del Código Penal.

No. 1394.—Resuelto en julio 31, 1919.

FALSIFICACIÓN DE PRUEBAS—EMPLAZAMIENTO FALSO.—Consignándose en la acusación que el acusado presentó, a sabiendas de que su diligenciado era falso, un emplazamiento en un juicio de divorcio iniciado por él para que fuese archivado en el pleito y que sorprendió la firma del juez municipal que en dicho emplazamiento aparece, no cometió error el juez de distrito al instruir al jurado que tal hecho estaba comprendido dentro del artículo 128 del Código Penal que condena como reo de *felony* a toda persona que prepare

algún libro, papel, documento, registro, instrumento, escrito u otro objeto falsificado o antedatado con el propósito de presentarlo o permitir que se presente con algún fin fraudulento o avieso, como genuino y verdadero en algún juicio, procedimiento o acusación autorizada por la ley.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Juan B. Soto* y *Juan Valdejully.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

La acusación dice:

"El Fiscal formula acusación contra Justo Casablanca por un delito *felony,* cometido como sigue: El citado Justo Casablanca, en la Corte de Distrito, Sección Primera, con fecha 28 de diciembre de 1916, representado por su abogado Benjamín Guerra, radicó en la secretaría de dicha corte una demanda de divorcio contra su esposa Eladia Batista y ese mismo día el secretario de la corte libró el emplazamiento para su diligenciamiento y con fecha 5 de enero de 1917, el susodicho Justo Casablanca, ilegal, voluntaria y maliciosamente y a sabiendas presentó para que fuera archivado en la misma secretaría el citado emplazamiento del que aparece que Narciso Bismark recibió dicho emplazamiento para su diligenciamiento a las dos de la tarde del citado día 28 de diciembre de 1916 y que como a las cuatro de la tarde, de ese mismo día, notificó a doña Eladia Batista, entregándole a dicha demandada y dejando en su poder personalmente en su residencia y domicilio, en el barrio de Hato Rey, de Río Piedras, una copia de dicho emplazamiento y una copia fiel y exacta de la demanda de divorcio y una copia del diligenciamiento sabiendo que era falso todo lo que en el diligenciamiento se dice, así como que fuera diligenciado por Narciso Bismark; sorprendiendo la firma del juez municipal que en dicho emplazamiento aparece. Cuyos hechos ocurrieron dentro del Distrito Judicial de San Juan.— Este hecho es contrario a la ley para tal caso prevista y a la paz y dignidad de El Pueblo de Puerto Rico."

El acusado alegó excepciones previas a la acusación, que fueron desestimadas, y entonces la negó, solicitando juicio por jurado.

El juicio se celebró y en sus instrucciones la corte expresó al Jurado que el hecho que se imputaba al acusado

estaba comprendido en el artículo 128 del Código Penal que dice:

"Toda persona que prepare algún libro, papel, documento, registro, instrumento escrito, u otro objeto falsificado o antedatado con el propósito de presentarlo o permitir que se presente con algún fin fraudulento o avieso, como genuino y verdadero, en algún juicio, procedimiento, o acusación autorizada por la ley, será reo de 'felony' (delito grave)."

El jurado dictó veredicto de culpabilidad. El acusado solicitó nuevo juicio. La corte negó la solicitud y pronunció sentencia imponiendo a Casablanca la pena de un año de presidio con trabajos forzados. El presente recurso de apelación se interpuso contra la sentencia.

En su alegato el apelante limita los errores a tres, que estudiaremos en el mismo orden en que han sido señalados.

1. Sostiene el apelante que la acusación no expone hechos suficientes para constituir un delito público. No estamos conformes. Su sola lectura produciría en cualquier persona la impresión de que el acto que se imputa en ella al acusado es de naturaleza delictiva. Este error está íntimamente enlazado con el que sigue.

2. A juicio del apelante la corte se equivocó al informar al jurado que la ley aplicable era el artículo 128 del Código Penal. Tampoco estamos conformes. Hemos transcrito la acusación y el precepto legal y basta comparar la una con el otro para concluir que el hecho que se imputa al acusado contiene todos los elementos que integran el delito que prevé, y califica como *felony,* el precepto.

"Toda persona que prepare algún  *   *   *  documento  *   *   *  falsificado  *   *   *  con el propósito de presentarlo  *   *   *  con algún fin fraudulento  *   *   *  como genuino y verdadero, en algún juicio,  *   *   *  será reo de *felony,*" dice la ley, y la acusación expresa que una persona, Casablanca, presentó, a sabiendas de que su diligenciado era falso, un emplazamiento en un juicio de divorcio iniciado por él que se tramitaba en una corte de distrito, para que fuera

archivado en dicho pleito. Es más, se consigna en ella que Casablanca sorprendió la firma del juez municipal que en el emplazamiento aparece. Si bien en la acusación no se dice expresamente que Casablanca preparó el documento falsificado, al consignar en ella que presentó dicho documento a sabiendas de que estaba preparado falsamente, le imputa que asumió la responsabilidad de la preparación a los efectos de la comisión del acto delictivo. Esto prescindiendo de la intervención personal en la preparación que se atribuye directamente a Casablanca al sorprender la firma del juez municipal.

3. Alega, por último, el apelante, que la prueba no sostuvo la acusación. La prueba fué más que suficiente a nuestro juicio. Haremos un ligero examen de ella. El primer testigo que declaró fué *Eladia Batista,* la esposa del acusado, quien aseguró que jamás fué emplazada, ignorando si su marido había entablado una demanda de divorcio contra ella. *Celestino Marrero,* el secretario de la corte de distrito, sabe que se interpuso una demanda de divorcio de Casablanca contra su esposa, no sabe quién recogió el emplazamiento ni quién lo presentó, pero es lo cierto que se archivó para que surtiera sus efectos legales en el pleito, y basándose en él, se solicitó la anotación de rebeldía y se pidió la inclusión del pleito en el calendario y el señalamiento de su vista. *Benjamín Guerra,* el abogado bajo cuya dirección se inició el pleito, dice que el mismo Casablanca preparó en su bufete la demanda, corrigiéndola él, ''que del emplazamiento a la demandada y demás se ocupó Casablanca''; que pasado el término, Casablanca le informó que la demandada no había contestado y que procedía acusar su rebeldía, y que presentó el escrito a ese efecto simplemente porque dió crédito a Casablanca. *Narciso Bismark,* la persona que aparece como haciendo el emplazamiento y jurándolo ante el juez de Río Piedras, niega en absoluto que hiciera tal emplazamiento ni que prestara tal juramento. Y el juez municipal de Río Piedras, *Manuel Iriarte,* depuso, entre otras cosas, teniendo a

la vista el emplazamiento que se archivó en el pleito y que original fué presentado como prueba con todos los autos del caso sobre divorcio, lo que sigue: "que la firma que aparece allí, que dice 'Manuel Iriarte', es de él; que la firma aparece dando crédito a un juramento y que aparece como prestando juramento una firma que dice: 'Narciso Bismark', pero que no fué Narciso Bismark el que prestó ese juramento; que el día a que se refiere el juramento se presentó en la oficina Justo Casablanca y dijo: 'Manolo, aquí te traigo ésto para que lo legalices; ya Bismark firmó; don Guille vió cuando Bismark firmó', y en la creencia que había firmado, el testigo vió la firma, se le pareció de momento y tomó el juramento; fué el día 5 de enero de 1917, como a eso de las nueve a las diez de la mañana; que no tiene ninguna duda que el que presentó ese documento fué el Sr. Justo Casablanca."

¿Se quiere una prueba más terminante de la culpabilidad del acusado? La prueba de descargo intentó demostrar que Bismark había firmado el emplazamiento, pero el jurado no le dió crédito alguno.

Debe confirmarse la sentencia recurrida.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Presidente Sr. Hernández no intervino en la resolución de este caso.